UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL EPHRAIM,

    Plaintiff,

v.

Case No. 22-12960

DELTA AIR LINES, INC.,
a foreign profit corporation, and
OTIS ELEVATOR COMPANY,
a foreign profit corporation,

    Defendants.
_____/

**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., and pursuant to 28 U.S.C. §§1332 and 1441, as well as E.D. Mich. L.R. 81.1, hereby removes the state court action entitled *Michael Ephraim v. Delta Air Lines, Inc., et al*, Case No. 22-013531-NO, from the Wayne County (Michigan) Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division.

Pursuant to 28 U.S.C. §1446(b)(2)(A), Defendant Otis Elevator Company ("Otis") consents to this removal. *See, e.g.*, *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (holding that the unanimity requirement is satisfied

1

where, as here, the defendant filing the notice of removal represents unambiguously that the other defendant has consented to the removal).

I.   INTRODUCTION

On or about November 11, 2022, Plaintiff Michael Ephraim ("Plaintiff") filed his Complaint against Delta and Otis in the Wayne County (Michigan) Circuit Court. (**Ex. A: Cmplt.**). Plaintiff's Complaint contains a total of two counts: Count I against Delta is for premises liability and Count II against Otis is for negligence. (*Id.* at ¶¶6-15). These claims are based on the following alleged facts:

Plaintiff alleges that his lawsuit arises out of injuries sustained on or about February 25, 2022: "[a]fter retrieving his checked baggage, [Plaintiff] boarded an ascending escalator to reach the bridge to the parking deck. As he reached the top landing platform of the escalator, the toe of his shoe caught in the comb plate, the escalator stair continued to move forward beneath him, he fell forward, and sustained serious injuries …." (**Ex. A: Cmplt.** at ¶5). According to that Complaint, Plaintiff alleges that he sustained "severe injuries to his head, face, eyes, nose, teeth, neck, left arm, left knee, hips, and related and resultant injuries[,]" "disability and disfigurement[,]" "fright, fear, embarrassment, humiliation, mortification[,]" and "pain and suffering[.]" (*Id.* at ¶10). Plaintiff also alleges the following damages: "potential loss of earnings and earning capacity[,]" "medical expenses, past and

future[,]" "denial of social pleasures and enjoyment of the usual activities of life[,]" and "other damages allowed by law." (*Id.*)

## II.   DIVERSITY JURISDICTION

Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). Original jurisdiction of this action exists pursuant to 28 U.S.C. §1332 because it is a civil action in which the amount-in-controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. *See* 28 U.S.C. §1332(a)(1).

### A.   More Likely Than Not, Plaintiff Is Seeking Damages In Excess Of The Jurisdictional Amount

The removing party has the burden of establishing the amount-in-controversy for diversity jurisdiction. *See Cleveland Hous. Renewal v. Deutsch Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Where a plaintiff's complaint claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate that the amount-in-controversy exceeds the jurisdictional minimum required in the Wayne County Circuit Court, which is more than $25,000. (**Ex. A: Cmplt.** at ¶4) ("The amount in controversy herein exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees."); *see also Speck v. Cunningham*, 2015 WL 7368483, *1 (Mich. Ct. App. Nov. 19, 2015) (**Ex. B**) (citing Mich. Comp. Laws §§600.608 and

600.8101(1) for the jurisdictional minimum of more than $25,000 in Michigan circuit courts). Therefore, Plaintiff has pled a sum greater than $25,001.

Second, Plaintiff alleges that, as a result of Delta's and/or Otis's acts and/or omissions, he has suffered various injuries and damages, including but not limited to "severe injuries to his head, face, eyes, nose, teeth, neck, left arm, left knee, hips, and related and resultant injuries[,]" "disability and disfigurement[,]" "fright, fear, embarrassment, humiliation, mortification[,]" and "pain and suffering[.]"(**Ex. A: Cmplt.** at ¶10). Judgments or settlements in Michigan have regularly awarded well in excess of $75,000 for such claimed injuries. *See, e.g.*, *Butler v. Jacobson Stores, Inc.*, JVR No. 425439 (Mich. Cir. Ct. Sept. 1, 1998) ($77,993 verdict for plaintiff who suffered cervical and lumbar strains and contusions to her mouth, right arm, and hand when she tripped and fell on a descending escalator); *Suzick v. Kroger Co. of Mich.*, 2005 WL 4765784 (Mich. Cir. Ct. Mar. 30, 2005) ($110,800 verdict for plaintiff who suffered a herniated disc and injured her hip, among other injuries, in connection with a slip and fall).

Importantly, Plaintiff also alleges other unlimited and unqualified economic and noneconomic damages, including "pain and suffering[,]" "potential loss of earnings and earning capacity[,]" "medical expenses, past and future[,]" "denial of social pleasures and enjoyment of the usual activities of life[,]" and "other damages allowed by law." (**Ex. A: Cmplt.** at ¶10). This Court has previously found that

4

numerous bodily injuries, "combined with an open-ended request for an unspecified amount of damages," made it more likely than not that the amount-in-controversy exceeded $75,000. *Barber v. Zurich American Ins. Co.*, 2015 WL 93530, *2 (E.D. Mich. Jan. 7, 2015) (**Ex. C**); *see also Brewer v. Schindler Elevator Corp.*, 2017 WL 676942, *2 (E.D. Mich. Feb. 21, 2017) (**Ex. D**).

Aggregation of Plaintiff's alleged damages is appropriate here because of the different classes or types of available damages sought by Plaintiff. *Gurwin v. UBS Fin. Servs., Inc.*, 2007 WL 1218772, *4 (E.D. Mich. Apr. 24, 2007) (**Ex. E**). Plaintiff's alleged damages arise out of the same alleged conduct by Delta and Otis. However, each of Plaintiff's classes of damages arises from a distinct legal remedy to which he would be entitled if he proves his case. *Id.* At the time of this removal, Plaintiff's alleged damages consist of economic damages for items such as medical bills and lost wages incurred as a result of Delta's and Otis's alleged acts or omissions, as well as noneconomic damages relating to Plaintiff's alleged "fright, fear, embarrassment, humiliation, mortification[,]" "pain and suffering[,]" and "denial of social pleasures and enjoyment of the usual activities of life[.]" (**Ex. A: Cmplt.** at ¶10). Each of these types of damages has a different purpose. As such, aggregating all these damage categories is appropriate. *Gurwin*, 2007 WL 1218772 at *4.

The amount-in-controversy for Plaintiff's numerous alleged serious injuries, as well as economic damages, including medical bills and "potential loss of earnings and earning capacity", and noneconomic damages, including "fright, fear, embarrassment, humiliation, mortification[,]" "pain and suffering[,]" and "denial of social pleasures and enjoyment of the usual activities of life[ ]" (**Ex. A: Cmplt.** at ¶10) are most likely well in excess of $75,000. This is especially evident from the unlimited, unqualified, and open-ended nature of Plaintiff's claimed damages, many of which will purportedly continue into the indefinite future. Therefore, consistent with this Court's prior holdings, Delta has shown by a preponderance of the evidence an amount-in-controversy in excess of $75,000, which satisfies the federal diversity jurisdiction requirement under 28 U.S.C. §1332(a)(1).

**B.     Complete Diversity Of Citizenship Exists**

There is complete diversity of citizenship between and among Plaintiff, on one hand, and Delta and Otis, on the other hand, under 28 U.S.C. §1332(a)(1). Plaintiff is alleged to be a resident and citizen of Michigan. (**Ex. A: Cmplt.** at ¶1). Plaintiff's Complaint accurately alleges that Delta is incorporated in Delaware (*id.* at 2), and it is a fact that Delta is headquartered in Atlanta, Georgia. (**Ex. F: Georgia Corporations Division Business Information**). Thus, Delta is a citizen of Delaware and Georgia for diversity purposes. *See* 28 U.S.C. §1332(c)(1) (providing that corporations are citizens of their state of incorporation and in the state of their

6

principal place of business). Accordingly, complete diversity exists between Plaintiff and Delta. Additionally, Delta is not a corporate citizen of Michigan. See 28 U.S.C. §1441(b)(2) (providing that an action may not be removed based on diversity jurisdiction if any of the defendants is a citizen of the State in which such action is brought).

In addition, Plaintiff alleges that Otis is a New Jersey corporation. (**Ex. A: Cmplt.** at ¶3). Otis's principal place of business is Connecticut. (**Ex. G: Connecticut Business Details (excerpted)**). Thus, Otis is a citizen of New Jersey and Connecticut for diversity purposes, Otis is not a corporate citizen of Michigan, and complete diversity exists between and among Plaintiff, on the one hand, and Delta and Otis on the other hand.

### III. DELTA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### A. Timeliness Of Removal

Plaintiff filed his Complaint on or about November 11, 2022. (**Ex. A: Cmplt.**). Delta and Otis were each served with Plaintiff's Complaint on November 16, 2022. Accordingly, this Notice of Removal is therefore timely filed within thirty (30) days from the date of service of Plaintiff's Complaint and within one (1) year from the date this action was filed. See 28 U.S.C. §1446(b).

### B. Venue Is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Eastern District of Michigan, Southern Division, is the district court embracing the Michigan county (Wayne) in which the removed action was pending. *See* 28 U.S.C. §102(a)(1); E.D. Mich. L.R. 83.10(a) (assignment to the Southern Division).

### C. Notice

Pursuant to 28 U.S.C. §1446(b), Delta will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which the action is currently pending and will serve a copy of this notice on Plaintiff. Delta will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Delta does not waive, and hereby reserves, its right to assert any and all objections and defenses to Plaintiff's Complaint.

## IV. CONCLUSION

This Court has original subject matter jurisdiction over this action based on diversity (28 U.S.C. §1332), and Delta respectfully removes this action from the Wayne County (Michigan) Circuit Court to this Court pursuant to 28 U.S.C. §1441.

Dated: December 7, 2022

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/ Scott R. Torpey
    Scott R. Torpey (P36179)
    Derek D. McLeod (P66229)
*Attorneys for Defendant Delta Air Lines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@jaffelaw.com
dmcleod@jaffelaw.com

## CERTIFICATE OF SERVICE

I, Katherine M. Abrignani, state that I am an employee of Jaffe, Raitt, Heuer & Weiss, P.C., and that on December 7, 2022, I served the foregoing papers and this *Certificate of Service* via the Court's electronic filing system.

/s/Katherine M. Abrignani
Katherine M. Abrignani

4867-0186-8866